# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY ADAM ELIZALDI, | ) | 1:03-cv-06945-TAG HC |
| Petitioner, | ) ) ) | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | ) ) | (Doc. 38) |
| SCOTT P. RAWERS, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to the jurisdiction of the United States Magistrate Judge.

## **PROCEDURAL HISTORY**

On March 29, 2007, the Court issued an order denying the amended petition on the merits. (Doc. 26). Judgment was entered against Petitioner and in favor of Respondent on that same date. (Doc. 27). Subsequently, Petitioner filed a motion for reconsideration of the Magistrate Judge's order (Doc. 28), which was a final order because all parties had previously consented to the Magistrate Judge's jurisdiction and the District Judge had issued an order referring the case to the Magistrate Judge for all purposes. (Doc. 19). On September 19, 2007, the Court denied Petitioner's motion, concluding that it presented no newly discovered facts but, instead, merely re-argued the issues previously raised by Petitioner and ruled upon by the Court. (Doc. 37). Almost immediately, on October 15, 2007, Petitioner filed the instant motion for reconsideration. (Doc. 38). Like the previous motion, this motion for reconsideration attempts

to point out defects in the Court's legal analysis, questions the Court's reliance on certain legal precedents, and insists that the Court ignored key facts in the record; however, it does not present any newly discovered facts.

## DISCUSSION

When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to set forth new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.  Local Rule 78-230(k)(3).  Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  The United States Court of Appeals for the Ninth Circuit has indicated that the "overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into "newly discovered evidence."  Id. (Citing Waltman v. International Paper Co., 875 F.2d 468, 473-474 (5th Cir. 1989); Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1557 & n. 4 (9th Cir. 1987); Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985)).

Here, as mentioned, Petitioner has presented no newly discovered facts or circumstances to warrant reconsideration.  Nor is the Court of the opinion that the Court committed "clear error" in its order denying the Petitioner or that its decision is manifestly unjust.  Further, the Court is unaware of any change in controlling law that would affect the Court's decision.  Thus, no basis exists to grant Petitioner's motion for reconsideration.

## ORDER

Based on the foregoing, Petitioner's motion for reconsideration (Doc. 38) is DENIED.

IT IS SO ORDERED.

Dated:   **August 7, 2008**                              **/s/ Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE